**W. J. and Irene COBB, Cook's Agway Service and Cooperative Legislative Committee—Railroad Brotherhoods in the State of Pennsylvania, Plaintiffs,**

**v.**

**UNITED STATES of America, Interstate Commerce Commission, and Erie-Lackawanna Railway Company, Defendants.**

**Civ. No. 68–467.**

United States District Court

M. D. Pennsylvania.

March 13, 1969.

Paul A. Barrett, Nogi, O'Malley & Harris, Scranton, Pa., Thomas P. Shearer, Pittsburgh, Pa., Gordon P. Mac-Dougall, Washington, D. C., for plaintiffs.

Bernard J. Brown, U. S. Atty., Scranton, Pa., Jerome Nelson, Interstate Commerce Commission, Wahington, D. C., Wallace R. Steffen, Cleveland, Ohio, Warren, Hill, Henkelman & McMenamin, Scranton, Pa., for defendants.

Before KALODNER, Circuit Judge, and SHERIDAN and NEALON, District Judges.

## ORDER OF THE COURT

PER CURIAM.

This is a suit pursuant to 28 U.S.C. § 2284 and § 2325 seeking to vacate and set aside an order of the Interstate Commerce Commission which authorized the Erie-Lackawanna Railway Company to abandon 19.8 miles of branch lines between the areas of Dunmore, Pennsyl-vania, and Lake Ariel, Pennsylvania.[1] A statutory Three Judge Court was duly constituted and a hearing was held on February 28, 1969, after which hearing the Temporary Restraining Order previously issued was extended pending the decision of this Court.

Plaintiffs submit (1) that the Commission abused its discretion by refusing to consider whether the losses incurred by the Erie-Lackawanna in the maintenance of the branch lines continued to remain an undue burden on interstate commerce subsequent to the inclusion of the Erie-Lackawanna in the more prosperous Norfolk and Western system; (2) that the Commission's findings as to the losses incurred by the branch lines are not supported by substantial evidence, and (3) that the Commission erred in altering, without adequate explanation, its regulations concerning the computation of the expense of operating the lines in question.

■■ Judicial review of an order of an Administrative Agency is very limited in scope. 5 U.S.C. § 706. After examining the whole record in this proceeding, we cannot state that the findings of the Commission are not amply supported by the evidence, that these findings are not adequate to sustain the Commission's order, that the Commission acted outside of the scope of its authority or abused its discretion. Baltimore & Ohio R. R. Co. v. Aberdeen & Rockfish R. R. Co., 393 U.S. 87, 89 S.Ct. 280, 21 L.Ed. 2d 219 (1968); Burlington Truck Lines v. United States, 371 U.S. 156, 83 S.Ct. 239, 9 L.Ed.2d 207 (1962).

It is therefore Ordered that the Temporary Restraining Order issued by this Court on November 18, 1968, continued on January 13, 1969, and extended to March 17, 1969, or until further order of this Court, be and it is hereby dissolved. It is further Ordered that the complaint be, and the same is, hereby dismissed.

---

1. The Commission's order is reported at 333 I.C.C. 670 (1968).